### KELLER v. KELLER.
No. 68-17302.

Circuit Court, Dade County.

July 14, 1969.

Sibley, Giblin, Levenson & Ward, Miami Beach, for plaintiff.

Feibelman, Friedman, Hyman & Britton, Miami, for defendant.

HAL P. DEKLE Circuit Judge.

*Final judgment of divorce:* This cause came on to be heard on final hearing, after due notice, upon plaintiff's amended complaint for divorce and defendant's counterclaim for divorce. The court having heard the testimony and considered the evidence adduced by the respective parties in this cause; and counsel for the parties having waived oral argument; and in all respects being fully advised in the premises, the court finds as follows —

The parties were married on April 27, 1967 in Miami and both are bona fide residents of and have continuously lived in Miami for more than six months prior to the commencement of this action. The plaintiff-wife is 29 years of age; the defendant-husband is 48 years of age; no children were born of this marriage.

The parties lived together as husband and wife, except for a separation in January, 1968, until October of 1968, at which time the wife filed the instant action and the husband counterclaimed. The evidence discloses that the parties had known each other for at least 9 years prior to their actual marriage, with one or more separations prior to the defendant-husband's divorce from his first wife, and upon this attainment these parties launched hopefully upon a tranquil sea of legal matrimony.

The evidence discloses that the defendant-husband was apprehensive of his wife leaving him for a younger man. The plaintiff-wife was in the company of a young man both prior and subsequent to the separation and although the defendant-husband has accused his wife of committing adultery with said young man, the evidence fails of such proof.

Plaintiff-counterdefendant, Eleanor Keller, has sustained and proved by corroborated evidence the allegation of her complaint of adultery — which the defendant-counterclaimant candidly admits.

The equities of this cause are accordingly with the plaintiff-counterdefendant, Eleanor Keller.

The court has jurisdiction of the subject matter and the parties to this cause.

Plaintiff testified that defendant-counterclaimant has in his possession, custody or under his control certain items of personal property that belong to her, namely, a French poodle dog named Kelly;

certain crystal bowls (six small, one large); one lead crystal fruit-bowl; an antique candy dish; initialled towels and linen, yellow and white in color; a Wedgwood set of china, Ascot pattern, place setting for twelve; George Jensen silverware, Acorn pattern, place setting for twelve; George Jensen crystal stemware; an oil painting by Roth of a little girl; a watercolor by Glassman; one lady's 14 karat yellow gold, twisted rope, wedding ring; and a 14 karat yellow gold kitty-cat pin which last mentioned item defendant denies having.

The court finds that except for the kitty-cat pin and the poodle dog, said items are the possessions of plaintiff which defendant shall forthwith deliver to her.

The court finds that the best interests and welfare of the minor poodle, Kelly, will best be served if it remains in the home of the defendant, which has been its usual place of abode, and accordingly it is ordered that the "custody" and permanent possession and ownership of Kelly is hereby awarded and vested in defendant, without rights of visitation or claim in the plaintiff.

In regard to that certain transaction involving a race horse purchased by the plaintiff-counterdefendant in partnership with one Milton Ferman, using the name of Sandpiper Stables, in which the plaintiff-counterdefendant invested as her 50% share the sum of $5,000 the court finds that the sum of $3,100 of the aforesaid $5,000 that came from the defendant-counterclaimant, constituted and was a gift from the defendant-counterclaimant to the plaintiff-counterdefendant, and that she is entitled to a return of any and all sums that may be due resulting from the dissolution of that partnership, and that the defendant-counterclaimant is entitled to no part of such monies in that transaction between the plaintiff-counterdefendant and Milton Ferman.

The court finds (as defendant has from the outset admitted) that the defendant-counterclaimant is a man of great wealth, and that he established for the plaintiff upon her becoming his legal wife, a very high standard of living for the year and one half of their marriage. His providing cash for his wife was, during one period of time, unique and unusual, in that he kept large sums of $100 bills in an overcoat pocket in the closet of their home out of which he permitted her to take any amount of money that she wanted and replenished the supply when it was depleted. Defendant has a net worth of $42 million ($40.5 million constituting his stock interest in Keller Industries, which he founded and built and

recently sold, which will soon be liquidated). His average annual income in recent years has been over one-half million dollars a year. Shortly after the marriage he purchased the land for and began to construct a marital abode for the parties, which was completed after the marriage was disrupted and the parties separated, costing in excess of $500,000.

The wife's testimony as to her needs was that she requires $4,766 after taxes, including $1,600 for clothing, per month, to live on in accordance with the standard that she considers was established for her by her husband. Such a sum is clearly unreasonable in the court's view.

Defendant gave the plaintiff 2,600 shares of his former company's stock, which pays her $1 per share dividend per annum and is listed on the New York Stock Exchange at $29 ($75,000). Plaintiff is quite capable of working; she is in good health, attractive and intelligent, although her only employment has been a part in a locally produced short movie.

The husband is in a financial position to respond to almost any reasonable alimony award which would in no way impair his standard of living or jeopardize his economic or business life, and could financially respond to an award of lump sum alimony that would afford the wife the capital to provide her with the assets and income to live on the standard she seeks. This, however, has not been a marriage of long standing in which the wife over a period of years and joint effort has materially contributed to the financial pinnacle (though conjugal depression) upon which this brief marriage is left stranded, empty and rejected, cast upon the shoals of that once tranquil sea upon which it was so hopefully launched a year and a half before.

Accordingly, this court cannot find justification for the $1,500,000 alimony which plaintiff seeks. The court cannot with impunity invade the husband's "unlimited coat pocket" in which this young wife was indulged. Wealth alone is not the criterion.

The court, therefore, finds that plaintiff should be awarded reasonable lump sum alimony and that a reasonable award of lump sum alimony to the wife from the husband is a total sum of $440,000 to be paid over a period of eleven years (when plaintiff shall be age 40) in 132 equal installments of $3,333.33 per month (totaling $40,000 per year) beginning July 15, 1969, and upon the 15th day of each month thereafter until paid in full, the final monthly payment thereof to be paid on July 15, 1980. In making

this award, the court has taken into consideration the sum of $8,500 heretofore awarded to the wife as additional temporary alimony in its order of May 7, 1969.

The parties stipulated during the trial of this cause, in open court, that the issue of permanent attorneys' fees and suit money to be awarded to counsel for the wife against the defendant-husband would be severed from the main issue and separately tried, the court reserving jurisdiction to do so.

It is, thereupon, ordered, adjudged and decreed as follows —

That the counterclaim filed in this cause by the defendant-counterclaimant, Henry A. Keller, be and the same is hereby dismissed, with prejudice.

That the plaintiff, Eleanor Keller, be and she is hereby granted a divorce of and from the defendant, Henry A. Keller, and that the parties be and they are hereby divorced from each other and the bonds of matrimony dissolved *a vinculo matrimonii.*

That the plaintiff, Eleanor Keller, be and she is hereby awarded lump sum alimony to be paid to her by the defendant, Henry A. Keller, in the amount of $440,000, payable over a period of eleven years in 132 equal installments of $3,333.33 per month (totalling $40,000 per year) beginning July 15, 1969, and upon the 15th day of each month thereafter until paid in full, the final monthly payment thereof to be paid on July 15, 1980.

Except as herein provided, each of the parties is hereby otherwise released of and from any obligations to the other and from any other claims by or through the other against his or her respective property of whatsoever kind or nature.

That by stipulation the court reserves and retains jurisdiction of this cause for the purpose of awarding permanent attorneys' fees and suit money to the attorneys for the wife, which shall be heard and considered upon due notice to the defendant through his counsel of record.

The court reserves and retains jurisdiction of the parties and of this cause for the purpose of enforcing this final judgment and decree of divorce.